# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:13cv198

| | |
|---|---|
| KAREN LEE LAWHEAD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | MEMORANDUM AND |
| ) | RECOMMENDATION |
| PNC BANK, N.A., ) | |
| ) | |
| Defendant. ) | |

Pending before the Court is Defendant's Motion to Dismiss [# 5]. Plaintiff brought this action in state court asserting various claims related to the foreclosure of her property. Defendant PNC Bank, N.A. ("PNC Bank") removed the action to this Court on the basis of diversity jurisdiction. After removing the action to this Court, Defendant moved to dismiss the Complaint in its entirety pursuant to Rule 12(b)(6). The Court **RECOMMENDS** that the District Court **GRANT** the motion [# 5].

### I. Background

Plaintiff is a resident of North Carolina who purchased a tract of property in Haywood County, North Carolina in 2007. (Pl.'s Compl. at ¶¶ 1, 11.) In order to purchase the property, Plaintiff entered into a loan with National City Mortgage in

the amount of $50,000.00. (Id. ¶ 13.) Plaintiff executed a promissory note (the "Note") and a deed of trust ("Deed of Trust") in favor of National City Mortgage. (Id. ¶¶ 13-14.) The Deed of Trust provided National City Mortgage with a security interest in property located in Waynesville, NC, which Plaintiff occupied as her primary residence. (Id. ¶ 15.) At some point, Defendant PNC Bank became the holder of the Note and Deed of Trust, as well as the servicer of the loan. (Id. ¶ 16.)

The Deed of Trust required Plaintiff to maintain insurance on the property. (Ex. 1 to Pl.'s Compl. at § 5.) In addition, the Deed of Trust specified how insurance proceeds would be allocated in the event of a loss. (Id.) Section 5 of the Deed of Trust provides:

> In the event of loss, Borrower shall give prompt notice to the insurance carrier and Lender. Lender may make proof of loss if not made promptly by Borrower. Unless Lender and Borrower otherwise agree in writing, any insurance proceeds, whether or not the underlying insurance was required by Lender, shall be applied to restoration or repair of the Property, if the restoration or repair is economically feasible and Lender's security is not lessened. During such repair and restoration period, Lender shall have the right to hold such insurance proceeds until Lender has had an opportunity to inspect such Property to ensure the work has been completed to Lender's satisfaction, provided that such inspection shall be undertaken promptly. Lender may disburse proceeds from the repairs and restoration in a single payment or in a series of progress payment as the work is completed. Unless an agreement is made in writing or Applicable Law requires interest to be paid on such insurance proceeds, Lender shall not be required to pay Borrower any interest or

> earnings on such proceeds. Fees for public adjusters, or other third parties, retained by Borrower shall not be paid out of the insurance proceeds and shall be the sole obligation of Borrower. If the restoration or repair is not economically feasible or Lender's security would be lessened, the insurance proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with the excess, if any, paid to Borrower. Such insurance proceeds shall be applied in the order provided for in Section 2.

(Id.)

In early 2011, water pipes in the home froze and burst, causing substantial damage to the property. (Pl.'s Compl. ¶ 18.) Plaintiff reported the loss to her insurance company and also informed Defendant PNC Bank of the damage to the property. (Id. ¶¶ 19-20.) Defendant PNC Bank then sent Plaintiff a letter providing instructions for how to move forward with the repairs of the property and instructing Plaintiff to endorse any loss claim checks and send the checks to the Loss Claims Department of Defendant PNC Bank. (Ex. 2 to Pl.'s Compl.) Subsequently, Plaintiff received three checks from her insurer totaling approximately $52,000.00. (Pl.'s Compl. ¶ 21.) Plaintiff endorsed the checks and forwarded them to Defendant PNC Bank. (Id.)

Meanwhile, Plaintiff fell behind on her mortgage payments to Defendant PNC Bank. (Id. ¶ 17.) On March 11, 2011, Defendant PNC Bank issued a notice of default to Plaintiff. (Id. ¶ 22; Ex. 3 to Pl.'s Compl.) The letter indicated that the total amount of principal and interest due under the Note as of March 11, 2011,

was $49,736.11. (Ex. 3 to Pl.'s Compl.)

Several months later, Defendant PNC Bank initiated foreclosure proceedings on the property. (Pl.'s Compl. ¶ 23.) On July 11, 2011, the Clerk of Superior Court for Haywood County, North Carolina entered an order finding that Defendant PNC Bank was the holder of the Note, that the Note was in default, that Plaintiff has not shown any valid legal reason why foreclosure should not commence, and that the Substitute Trustee could proceed to foreclose on the property through a foreclosure sale. (Ex. A to Def.'s Mot. Dismiss.)

Plaintiff contends that she contacted Defendant PNC Bank multiple times during 2011 in order to inquire why Defendant PNC Bank was not applying the $52,000.00 she forwarded from her insurer to reduce or satisfy the amount due on the Note. (Pl.'s Compl. ¶ 24.) Plaintiff also told Defendant PNC Bank to stop the foreclosure proceedings because the amount from the insurer was sufficient to satisfy her obligation under the Note. (Id.) Plaintiff contends that by sending the insurance proceeds to Defendant PNC Bank, Plaintiff was exercising her right of redemption and the foreclosure proceedings should have ceased at that time. (Id. ¶ 25.)

Despite Plaintiff's objections, the property was sold at a foreclosure sale on November 2, 2011, to a third party for $60,000.00. (Id. ¶ 26; Ex. 4 to Pl.'s

Compl.) After making a number of disbursements, the Substitute Trustee deposited a surplus of $35,270.94 with the Clerk of Court. (Ex. B. to Def.'s Mot. Dismiss.)

Plaintiff then brought this action on February 20, 2013, in the Superior Court of Haywood County. The Complaint asserts claims for unjust enrichment, unfair and deceptive trade practices, wrongful foreclosure, and fraud against Defendant PNC Bank. (Pl.'s Compl. ¶¶29-55.) Approximately a month after initiating these legal proceedings, Plaintiff also filed a Petition for Surplus Proceeds of Foreclosure pursuant to N.C. Gen. Stat. 45-21.32 in the Superior Court of Haywood County to recover the surplus funds paid by the Substitute Trustee to the Clerk of Court. (Ex. C to Def.'s Mot. Dismiss.) On June 27, 2013, Judge June Ray entered an Order finding that Plaintiff was entitled to the distribution of the surplus foreclosure proceeds and ordered that the Clerk distribute the proceeds as specified in the Order. (Ex. D to Def.'s Mot. Dismiss).

After the non-diverse defendants were dismissed from the action, Defendant PNC Bank removed the action to this Court. Defendant PNC Bank then moved to dismiss the Complaint in its entirety pursuant to Rule 12(b)(6) of the Federal Rules of Federal Procedure. Defendant PNC Bank's motion is now before the Court for a Memorandum and Recommendation to the District Court.

## II. Legal Standard

The central issue for resolving a Rule 12(b)(6) motion is whether the claims state a plausible claim for relief.[1]  See Francis v. Giacomelli, 588 F.3d 186, 189 (4th Cir. 2009).  In considering Defendant's motion, the Court accepts the allegations in the Complaint as true and construes them in the light most favorable to Plaintiff.  Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 253 (4th Cir. 2009); Giacomelli, 588 F.3d at 190-92.  Although the Court accepts well-pled facts as true, it is not required to accept "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement . . . ."  Consumeraffairs.com, 591 F.3d at 255; see also Giacomelli, 588 F.3d at 189.

The claims need not contain "detailed factual allegations," but must contain sufficient factual allegations to suggest the required elements of a cause of action.  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65 (2007); see also Consumeraffairs.com, 591 F.3d at 256.  "[A] formulaic recitation of the elements of a cause of action will not do."  Twombly, 550 U.S. at 555, 127 S. Ct. at 1965.  Nor will mere labels and legal conclusions suffice.  Id.  Rule 8 of the Federal Rules of Civil Procedure "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation."  Ashcroft v. Iqbal, 556 U.S. 662,

---

1 Once a case is removed to federal court, the Federal Rules of Civil Procedure, not the corresponding state rules, dictate the procedural requirements in a case.  Fed. R. Civ. P. 81(c)(1).

678, 129 S. Ct. 1937, 1949 (2009).

The Complaint is required to contain "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570, 127 S. Ct. at 1974; see also Consumeraffairs.com, 591 F.3d at 255. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949; see also Consumeraffairs.com, 591 F.3d at 255. The mere possibility that a defendant acted unlawfully is not sufficient for a claim to survive a motion to dismiss. Consumeraffairs.com, 591 F.3d at 256; Giacomelli, 588 F.3d at 193. Ultimately, the well-pled factual allegations must move a plaintiff's claim from possible to plausible. Twombly, 550 U.S. at 570, 127 S. Ct. at 1974; Consumeraffairs.com, 591 F.3d at 256.

Where, a party's allegations sound in fraud, however, the allegations must also satisfy the heightened pleading standards of Rule 9. Cozzarelli v. Inspire Pharmaceuticals Inc., 549 F.3d 618, 629 (4th Cir. 2008); Anderson v. Sara Lee Corp., 508 F.3d 181, 188 (4th Cir. 2007). Rule 9(b) provides that when "alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). Rule 9 applies not

only to claims asserting common law fraud, but to all claims where the allegations have the substance of fraud. Cozzarelli, 549 F.3d at 629. A claim is subject to dismissal under Rule 12(b)(6) for failure to state a claim if it does not comply with Rule 9(b). Harrison v. Westinghouse Savannah River Co., 176 F.3d 776, 783 n.5 (4th Cir. 1999).

**III. Analysis**

**A. The Fraud Claim**

Count Four of the Complaint asserts a claim of fraud against Defendant PNC Bank. In order to prove a fraud claim under North Carolina law, Plaintiff must establish that the Defendant: (1) made a false representation of material fact; (2) either knew the representation was false or made it with reckless disregard to its truth or falsity; (3) intended for Plaintiff to rely on the representation; and (4) that Plaintiff suffered an injury by reasonably relying on the false representation. Food Lion, Inc. v. Cap. Cities/ABC, Inc., 194 F.3d 505, 512 (4th Cir. 1999) (applying North Carolina law). Here, the factual allegations in the Complaint fail to state claim of fraud against Defendant PNC Bank.

As an initial matter, the Complaint fails to plead fraud with specificity, a fact Plaintiff acknowledges in her response to the Motion to Dismiss. The District Court could dismiss the fraud claim on this ground alone. The Complaint,

however, contains a more fundamental flaw - Plaintiff fails to allege that Plaintiff suffered an injury by relying on the false representation. See id. In fact, the Complaint affirmatively alleges that Plaintiff did not actually rely on the alleged false representation regarding the amount Plaintiff owned on the Note. (Pl.'s Compl. ¶¶ 24-25.) Although the Complaint alleges that the Clerk of Court may have relied on the alleged false statement and taken actions based on such representation (see id. ¶51), the Complaint is devoid of any factual allegations that Plaintiff relied on the false representation of Defendant PNC Bank and that Plaintiff suffered an injury as a result. Accordingly, the Court **RECOMMENDS** that the District Court **GRANT** the Motion to Dismiss as to the fraud claim.

### B. Wrongful Foreclosure

Count One of the Complaint asserts a claim for wrongful foreclosure. Plaintiff alleges that Defendant PNC Bank was not authorized to foreclose on the property because she had paid off the full amount owed on the Note at the time of the sale. (Pl.'s Compl. ¶¶ 30-32.) Plaintiff's claim, however, is barred as a matter of law.

First, Plaintiff's claims are barred by the doctrine of *res judicata*. See Mixon v. Wells Fargo Home Mortgage, No. 3:12-cv-77-RJC-DLH, 2012 WL 1247202 (W.D.N.C. Apr. 13, 2012) (Conrad, C.J.) (unpublished) (holding that suit

collaterally attacking the Foreclosure Order is barred by doctrine of *res judicata*); Boyter v. Moynihan, Docket No. 3:12-cv-00586-MOC-DSC, 2013 WL 3149283, *4-6 (W.D.N.C. Apr. 3, 2013) (Cogburn, J.) (unpublished) (finding that claims attacking a Foreclosure Order barred by collateral estoppel); Le v. Bank of America, Civil No. 3:12CV678-RJC-DSC, 2013 WL 139763, *1-2 (W.D.N.C. Jan. 10, 2013) (Cayer, Mag. J.) (unpublished) (holding that plaintiff's claims for wrongful foreclosure barred by collateral estoppel). The Clerk of Court previously determined that the Note was in default, that Defendant PNC Bank was the holder of the Note, and that the Substitute Trustee was entitled to proceed with the foreclosure proceedings. (Ex. A to Def.'s Mot. Dismiss.) It does not appear that Plaintiff appealed the foreclosure order as provided in N.C. Gen. Stat. § 45-21.16 or filed a separate action in superior court seeking to enjoin the foreclosure sale. As numerous courts in this Circuit have recently held, having failed to take advantage of the statutorily provided avenues for challenging a foreclosure, Plaintiff may not now re-litigate the judicial determinations set forth in the Superior Court's Order allowing the foreclosure sale to go forward. See e.g. Mixon, 2012 WL 1247202; Boyter, 2013 WL 3149283, *4-6; Le, 2013 WL 139763, *1-2; Harris v. Suntrust Mortg., Inc., No. 12-cv-378, 2013 WL 1120846, at *3-4 (M.D.N.C. Mar. 18, 2013) (unpublished); Renfrow v. Fremont Home Loan

Trust, No. 5:12-cv-565-FL, 2013 WL 3475300, at *6 (E.D.N.C. Jul. 10, 2013) (unpublished).

Second, even if Plaintiff's claim was not barred by the doctrine of *res judicata*, Plaintiff ratified the foreclosure sale by subsequently accepting the surplus and using it to satisfy other debts. See Leonard v. Pell, 289 S.E.2d 140, 142 (N.C. Ct. App. 1982) ("It has been held that acceptance of a surplus derived from a foreclosure sale waives the right of the mortgagor to attack the foreclosure."); Shaikh v. Burwell, 412 S.E.2d 924, 928 (N.C. Ct. App. 1992) ("When the mortgagor has received the benefit of the surplus derived from a foreclosure sale, the mortgagor waives the right to attack the foreclosure."); 55 Am. Jur. 2d Mortgages § 543 (2009); 21 Strong's North Carolina Index 4th, Mortgage § 141. "By endorsing the check and reaping the benefits of the surplus toward the satisfaction of other debts, plaintiffs elected to ratify the sale. They may not now treat the sale as a nullity and have it set aside, or sue the trustee for wrongfully conducting the sale." Leonard, 289 S.E.2d at 142. Having filed a petition for the surplus proceeds from the foreclosure sale that Plaintiff now challenges, and having obtained an Order from the Superior Court directing that the Clerk disburse a portion of the surplus funds to discharge Plaintiff's criminal judgments and that the remainder be distributed to Plaintiff's attorney's trust

account, Plaintiff has waived any right to seek recourse against Defendant PNC Bank for wrongful foreclosure. The Court, therefore, **RECOMMENDS** that the District Court **GRANT** the Motion to Dismiss as to Count One.

### C. Unjust Enrichment

Count Three of the Complaint asserts a claim for unjust enrichment. In order to state a claim for unjust enrichment, a plaintiff must allege facts demonstrating: (1) a measurable benefit conferred on defendant; (2) that the defendant consciously accepted; and (3) the benefit was not conferred on the defendant officiously or gratuitously. Lake Toxaway Cmty. Ass'n, Inc. v. RYF Enters., LLC, 742 S.E.2d 555, 561 (N.C. Ct. App. 2013); JPMorgan Chase Bank, Nat'l Ass'n v. Browning, 750 S.E.2d 555, 559 (N.C. Ct. App. 2013); Primerica Life Ins. Co. v. James Massengill & Sons Constr. Co., 712 S.E.2d 670, 677 (2011). A benefit is conferred officiously where it is conferred by interference in the affairs of the defendant in a manner that is unjustified under the circumstances. Browning, 750 S.E.2d at 559.

> The doctrine of unjust enrichment was devised by equity to exact the return of or payment for, benefit received under circumstances where it would be unfair for the recipient to retain them without the contributor being repaid or compensated. More must be shown than that one party voluntarily benefited another or his property.
>
> Id. at 560 (internal quotations and citation omitted). An express contract

between the parties, however, precludes a finding of unjust enrichment. Southeastern Shelter corp. v. BTU, Inc., 572 S.E.2d 200, 206 (N.C. Ct. App. 2002); Madison River Mgmt. Co v. Business Mgmt. Software Corp., 351 F. Supp. 2d 436, 446 (M.D.N.C 2005); see also Flexible Foam Prods., Inc. v. Vitafoam Inc., Case No. 1:12-CV-105-MR-DLH, 2013 WL 5837572 (W.D.N.C. Oct. 30, 2013) (Reidinger, J.) (unpublished); Yancey v. Remington Arms Co., LLC, Nos. 1:12CV477, 1:12CV437, 1:10CV918, 2013 WL 5462205 (M.D.N.C. Sept. 30, 2013) (unpublished); McManus v. CMRI, Inc., Civil Action No. 3:12-CV-009-DCK, 2012 WL 2577420 (W.D.N.C. Jul. 3, 2012) (Keesler, Mag. J.) (unpublished).

Fatal to Plaintiff's unjust enrichment claim is the fact that the Complaint alleges the existence of an express contract between Plaintiff and Defendant PNC Bank that governs the very issue for which Plaintiff seeks to recover under an unjust enrichment theory – the allocation of insurance proceeds in the case of a loss to the property. (Pl.'s Compl. ¶¶ 14-16; Ex 1 to Pl.'s Compl.) Plaintiff expressly incorporated these factual allegations into her unjust enrichment cause of action. (Pl.'s Compl. ¶ 35.) Because the Deed of Trust specifically addresses the issue of the handling of insurance proceeds from a loss to the property (see Ex. 1 to Pl.'s Compl. at § 5), Plaintiff's unjust enrichment claim fails as a matter of law. If

Defendant PNC Bank kept the insurance proceeds forwarded by Plaintiff and failed to either apply it to principal or disburse the funds for the repairs and restoration of the property, then Plaintiff's remedy lies in a breach of contract action, not an unjust enrichment claim. Accordingly, the Court **RECOMMENDS** that the District Court **GRANT** the Motion to Dismiss as to Count Two.

### D. Unfair Deceptive Trade Practices

Plaintiff also asserts a claim pursuant to North Carolina's Unfair and Deceptive Trade Practices Act, N.C. Gen. Stat. § 75-1.1, *et seq.* In order to make out a *prima facie* claim for unfair and deceptive trade practices, Plaintiff must show that: (1) Defendant committed an unfair or deceptive act or practice; (2) that this act or practice was in or affecting commerce; and (3) that the act or practice proximately caused the Plaintiff's injury. Gray v. N.C. Ins. Underwriting Ass'n, 529 S.E.2d 676, 681 (N.C. 2000); Hospira Inc. v. Alphagary Corp., 671 S.E.2d 7, 12 (N.C. Ct. App. 2009); Sessler v. March, 551 S.E.2d 160, 167 (N.C. Ct. App. 2001). A practice is unfair if it "'is immoral, unethical, oppressive, unscrupulous, or substantially injurious to customers.'" Thompson, 418 S.E.2d at 699 (quoting Johnson v. Phoenix Mut. Life Ins. Co., 266 S.E.2d 610, 621 (N.C. 1980)); Sessler, 551 S.E.2d at 167. A practice is deceptive where it has the tendency or capacity to deceive. Thompson, 418 S.E.2d at 699; Sessler, 551 S.E.2d at 167. "In making a

claim of unfair and deceptive trade practices on a theory of misrepresentation or fraud, a plaintiff must show that a defendant's words or conduct possessed 'the tendency or capacity to mislead' or create the likelihood of deception.'" Hospira, 671 S.E.2d at 12 (quoting Marshall v. Miller, 276 S.E.2d 397, 403 (1981)). Moreover, a plaintiff does not have to show actual deception to prevail, he or she need only demonstrate that the acts of defendant "possessed the tendency or capacity to mislead or create the likelihood of deception." RD & J Props. v. Lauralea-Dilton Enters., LLC, 600 S.E.2d 492, 500-501 (N.C. Ct. App. 2004).

Actions for unfair and deceptive trade practices, however, are distinct from actions for breach of contract, and the mere breach of contract, even where the breach is intentional, cannot constitute an action pursuant to North Carolina's Unfair and Deceptive Trade Practices Act. Eastover Ridge, L.L.C. v. Metric Constructors, Inc., 533 S.E.2d 827, 832-33 (N.C. Ct. App. 2000); Branch Banking & Trust co. v. Thompson, 418 S.E.2d 694, 700 (N.C. Ct. App. 1992). As the North Carolina Court of Appeals has explained:

> The plaintiff must show "substantial aggravating circumstances attending the breach to recover under the Act, which allows for treble damages." Id. It is "unlikely that an independent tort could arise in the course of contractual performance, since those sorts of claims are most appropriately addressed by asking simply whether a party adequately fulfilled its contractual obligations." Broussard v. Meineke Discount Muffler Shops, 155 F.3d 331, 347 (4th Cir. 1998), citing Strum v. Exxon Co., 15 F.3d 327, 333 (4th Cir. 1994).

Eastover Ridge, 533 S.E.2d at 833.

Here, Plaintiff alleges that Defendant PNC Bank violated North Carolina's Unfair and Deceptive Trade Practices Act by: (1) willfully refusing to apply the insurance proceeds to reduce the amount Plaintiff owned under Note and (2) refusing to provide Plaintiff with any of the excess proceeds from the foreclosure sale. Such allegations are insufficient to state a claim against Defendant PNC Bank. Put simply, the Complaint fails to allege substantial aggravating circumstances to allow Plaintiff to convert what is a run of the mill breach of contract claim into an unfair and deceptive trade practices act claim. Accordingly, the Court **RECOMMENDS** that the District Court **GRANT** the Motion to Dismiss as to Count Three.

## IV. Conclusion

The Court **RECOMMENDS** that the District Court **GRANT** the Motion to Dismiss [# 5] and **DISMISS** the Complaint.

Signed: March 10, 2014

Dennis L. Howell
United States Magistrate Judge

## **Time for Objections**

The parties are hereby advised that, pursuant to 28, United States Code, Section 636(b)(1)(C), and Rule 72, Federal Rules of Civil Procedure, written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen** (**14**) days of service of same. **Responses to the objections must be filed within fourteen (14) days of service of the objections.** Failure to file objections to this Memorandum and Recommendation with the district court will preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986); United States v. Schronce, 727 F.2d 91 (4th Cir.), cert. denied, 467 U.S. 1208 (1984).