# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:13-cv-00198-MR-DLH

| | |
|---|---|
| KAREN LEE LAWHEAD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| ) | |
| PNC BANK, a National Association, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Defendant's Motion to Dismiss [Doc. 5]; the Magistrate Judge's Memorandum and Recommendation regarding the disposition of that motion [Doc. 9]; and the Plaintiff's Objections to the Memorandum and Recommendation [Doc. 10].

**I.      PROCEDURAL BACKGROUND**

The Plaintiff initiated this action on February 26, 2013 in the North Carolina General Court of Justice, Superior Court Division, Haywood County, asserting various claims related to the foreclosure of her property. Defendant PNC Bank, N.A. removed the action to this Court on the basis of

diversity jurisdiction. [Doc. 1]. Thereafter, the Defendant moved to dismiss this action in its entirety pursuant to Rule 12(b)(6). [Doc. 5].

Pursuant to 28 U.S.C. § 636(b) and the standing Orders of Designation of this Court, the Honorable Dennis L. Howell, United States Magistrate Judge, was designated to consider the Defendant's motion and to submit to this Court a recommendation for its disposition. On March 10, 2014, the Magistrate Judge filed a Memorandum and Recommendation in this case containing proposed conclusions of law in support of a recommendation that the Motion to Dismiss be granted. [Doc. 9]. The Plaintiff timely filed objections to the Magistrate Judge's Memorandum and Recommendation on March 24, 2014. [Doc. 10].

## II.  STANDARD OF REVIEW

The Federal Magistrate Act requires a district court to "make a *de novo* determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). In order "to preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007). The Court is not required to review, under a *de novo* or

any other standard, the factual or legal conclusions of the magistrate judge to which no objections have been raised.  Thomas v. Arn, 474 U.S. 140, 150, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985).  Additionally, the Court need not conduct a *de novo* review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations."  Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982).

## III. DISCUSSION

The Plaintiff makes seven specific objections to the Memorandum and Recommendation.  Having conducted a careful review of the Memorandum and Recommendation, the Court concludes that these objections are entirely without merit.  Indeed, the Objections reflect a fundamental misunderstanding of the procedural and substantive law applicable to this case.  For example, the Plaintiff argues that the Magistrate Judge erred by failing to address certain "pertinent facts" [Doc. 10 at 1]; however, the "facts" cited by the Plaintiff are not alleged anywhere in the Complaint.  A Rule 12(b)(6) motion tests the legal sufficiency of the allegations of the Complaint.  Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999).  As such, any "facts" that were not included in the factual allegations of the Complaint are simply irrelevant to the Court's

analysis, and thus the Magistrate Judge did not commit any error by failing to take such facts into account.

The Plaintiff also takes issue with the Magistrate Judge's application of federal procedural standards to the Plaintiff's pleading, arguing that because this action was filed in a North Carolina Superior Court, it is subject only to the North Carolina Rules of Civil Procedure. [Doc. 10 at 2]. As the Magistrate Judge properly noted, however, once a case is removed to federal court, the *Federal* Rules of Civil Procedure, not the corresponding state rules, dictate the procedural standards to be applied to the case. [Doc. 9 at 6 n.1 (citing Fed. R. Civ. P. 81(c)(1)]. The Plaintiff's objections in this regard are utterly without merit.

The Plaintiff's objections to the Magistrate Judge's conclusions regarding the substantive law applicable to her claims are also misguided. For example, in arguing that the Magistrate Judge erred in concluding that res judicata bars her action for wrongful foreclosure, the Plaintiff cites a string of cases for the proposition that North Carolina state courts have recognized such an action. Eight of the nine cases cited, however, concerned foreclosures that occurred prior to the enactment of N.C. Gen.

4

Stat. § 45-21.16.[1] The doctrine of res judicata would not have applied to pre-1975 power-of-sale foreclosures, as no judicial order entitled to res judicata's preclusive effect would have been entered in such foreclosures.

In sum, after a careful review of the Magistrate Judge's thorough and well-reasoned Memorandum and Recommendation, the Court has determined that the Magistrate Judge's proposed conclusions of law are consistent with current case law. Accordingly, the Court hereby accepts the Magistrate Judge's recommendation that the Defendant's Motion to Dismiss be granted and that this case be dismissed.

## IV. ORDER

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Objections to the Memorandum and Recommendation [Doc. 10] are **OVERRULED**; the Magistrate Judge's Memorandum and Recommendation [Doc. 9] is **ACCEPTED**; and the Defendant's Motion to Dismiss [Doc. 5] is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is hereby **DISMISSED WITH PREJUDICE**.

---

[1] Only one case cited by the Plaintiff concerned a post-1975 foreclosure, see Patterson v. DAC Corp. of North Carolina, 66 N.C. App. 110, 310 S.E.2d 783 (1984), and in that case, there was no discussion of the basis for or merits of the plaintiff's wrongful foreclosure claim or whether such claim would have been barred by res judicata, as the court dismissed such claim as time-barred.

**IT IS SO ORDERED.**   Signed: March 26, 2014

Martin Reidinger
United States District Judge

6